(No. 60733.—)

THE COUNTY OF DU PAGE, Appellee, v. GRAHAM, ANDERSON, PROBST & WHITE, INC., *et al.*, Appellants.

*Opinion filed September 20, 1985.—Rehearing denied December 11, 1985.*

144

Hinshaw, Culbertson, Moelmann, Hoban & Fuller (Donald W. Garlinger, Stephen R. Swofford and Peter G. Panno, of counsel) and Mayer, Brown, & Platt (Tyrone C. Fahner and Lawrence A. Rosen, of counsel), all of Chicago, for appellants Graham, Anderson, Probst & White and Leonard Kendra.

Jeffrey Singer and Barry D. Weiss, of Lurie, Sklar & Simon, Ltd., of Chicago, and Paul Lively, of O'Halloran, Lively & Walker, of Northbrook, for appellant Wil-Freds, Inc.

James E. Ryan, State's Attorney, and Barbara A. Preiner and Mark E. Enright, Assistant State's Attorneys, of Wheaton, for appellee.

JUSTICE MORAN delivered the opinion of the court:

The County of Du Page (county) filed an eight-count complaint in the circuit court of Du Page County alleging the defective design and construction of the Du Page County Administration Building and the resulting damage and deterioration. Named as defendants are the architectural firm of Graham, Anderson, Probst & White (the architect), Leonard Kendra, an architect and employee of that firm (Kendra), and Wil-Freds, Inc., a general contractor (the contractor). The county's action against the architect, set out in counts I, II, III and V, alleges negligence, breach of contract, fraud and constructive fraud. Counts IV and VI, against Kendra, allege fraud and constructive fraud. In counts VII and VIII, the contractor is charged with negligence and breach of contract. This appeal involves only the archi-

tect and the contractor.

The contractor moved to dismiss the negligence and contract counts based on the two-year statute of limitations set forth in section 13—214 of the Code of Civil Procedure (Ill. Rev. Stat., 1982 Supp., ch. 110, par. 13—214). The contractor also moved, in the alternative, that the negligence count be dismissed based upon the *Moorman* doctrine, which disallows recovery for solely economic loss under the tort theories of strict liability, negligence and innocent misrepresentation, finding that contract law provides the proper framework for such actions. (*Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69; *Redarowicz v. Ohlendorf* (1982), 92 Ill. 2d 171.) In its motion to dismiss the negligence and contract counts, the architect also raised the limitations defense.

The trial court entered an order striking the contractor's and the architect's motions to dismiss based on section 13—214 of the Code, finding that it was not the intent of the legislature to abrogate the county's common law right of immunity from statutes of limitation. The trial court did grant the contractor's motion to dismiss the negligence count based on the *Moorman* doctrine. Following its denial of defendants' motions for reconsideration, the trial court entered an order identifying and certifying the following question of law for review pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308): Did the trial court err in holding that section 13—214 does not abrogate common law governmental limitations immunity?

Defendants' Rule 308 applications for leave to appeal were denied by the appellate court. This court granted the petition for leave to appeal.

Initially we would note that the county, in its brief before us, contends that the court should not have granted the petition for leave to appeal because the appellate

court did not abuse its discretion when declining to hear the Rule 308 appeal. Our decision to review this case is not predicated on an abuse of discretion by the appellate court. Rather, it is based on this court's authority to consider any issue determined to warrant review. (See Ill. Const. 1970, art. VI, sec. 4; 87 Ill. 2d R. 315.) Thus we find the county's argument to be without merit.

In addition, the county contests the constitutionality of section 13—214, contending that it is special legislation in violation of article IV, section 13, of the 1970 Illinois Constitution. The county did not attack the constitutionality of section 13—214 before the trial court. Nor did it attempt to include that issue when it participated in the drafting of the certified question presented to the appellate court. Therefore, the issue is waived for purposes of this appeal. Further, because of the interlocutory nature of this appeal, we decline to expand upon the issue properly presented to this court in the petition for leave to appeal.

A review of the pleadings and supporting memoranda filed in the trial court reveals the following. In April of 1969, the county entered into a contract with the architect wherein the architect was to design and supervise the construction of the county's administration building. Based on the recommendation of the architect, the county entered into a contract with the contractor to construct the building. This work was substantially completed in April of 1974.

On April 11, 1974, the county sent a letter to the architect and Kendra, informing them of moisture problems exhibited in exterior masonry walls. Upon the advice of the architect, caulking and masonry repairs were performed in the damaged exterior brick areas. In April of 1978, after inspecting the exterior of the building and viewing the cracks in the exterior masonry walls, the architect, through its agent Kendra, sent a letter to the

county explaining that the damage resulted from a "combination of final settlement of the foundation, if any, final positioning of the steel frame due to loading deflections and thermal expansion and contraction." Once again, based upon advice contained in the architect's letter, the county had the damaged areas caulked and repaired. In March of 1980, a brick from a brick lintel above a window dislodged and fell from the administration building. Several months later, Kendra, as an agent of the architect, sent the county a letter which suggested a course of action to allow the architect to determine the cause of the moisture and cracking. In October of 1980 the architect, through its agent Kendra, sent the county a letter which concluded that moisture was entering the walls of the administration building, thereby cracking the brick facing and separating it from the brick lintel. The county hired an independent architectural firm to ascertain the causes of the deterioration and masonry distress occurring in the exterior walls of the building. The county's complaint was filed September 7, 1982.

The defendants' motions to dismiss the contract and negligence counts contend that the county, as evidenced by its complaint and attached exhibits, was aware of construction problems as early as April 11, 1974, 7½ years before suit was brought. Section 13—214 of the Code of Civil Procedure provides in relevant part:

"As used in this Section 'person' means any individual, any business or legal entity, or any body politic.

(a) Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 2 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission." (Ill. Rev.

Stat., 1982 Supp., ch. 110, par. 13—214.)

Thus, defendants maintain, pursuant to the applicable statute of limitations, the county failed to timely bring suit.

In its motions to deny the defendants' motions to dismiss, the county initially argued that its action was timely filed. It argued, in the alternative, that genuine and material issues of fact existed which warranted an evidentiary hearing as to the question of when the county knew or should have known both of the injury and the wrongful cause.

In an amendment to its original response to the defendants' motions to dismiss, the county argued that it was immune from the statute of limitations. This position was based on the common law governmental limitations immunity extended to public entities asserting rights belonging to the public at large. (*City of Shelbyville v. Shelbyville Restorium* (1983), 96 Ill. 2d 457, 459.) In response, the defendants argued that governmental immunity from the statute of limitations was inapplicable because the terms of the statute state that it applies to untimely suits brought by "any individual, any business or legal entity, or any *body politic.*" (Emphasis added.) Ill. Rev. Stat., 1982 Supp., ch. 110, par. 13—214.

In denying the defendants' motions to dismiss, as well as their motions for reconsideration, the trial court issued two letters of opinion. While acknowledging that the literal interpretation of the statute would eliminate common law limitations immunity, the trial court found that this was not the intent of the legislature in enacting the statute. The court found it particularly significant that the 1979 and 1981 legislative debates, as well as the committee comments, were devoid of commentary relating to the termination of the common law immunity doctrine. It reasoned that if "the legislature intended to

take this drastic step it would have mentioned this in the Committee Comments and would have specifically provided for the loss of this right in the statute itself." Further, the court found that enforcement of the statute of limitations against the county would run afoul of the *Shelbyville* opinion.

The interpretation and construction of section 13—214 is governed by the primary rule of statutory construction, which requires that the intention of the legislature should be ascertained and given effect. (*Springfield v. Board of Election Commissioners* (1985), 105 Ill. 2d 336, 340-41; *Laue v. Leifheit* (1984), 105 Ill. 2d 191, 196; *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 277.) Courts should first look to the statutory language as the best indication of the intent of the drafters. (*People v. Boykin* (1983), 94 Ill. 2d 138, 141; *People ex rel. Scott v. Schwulst Building Center, Inc.* (1982), 89 Ill. 2d 365, 371; *Harvey Firemen's Association v. City of Harvey* (1979), 75 Ill. 2d 358, 363.) Where that language is unambiguous, a court must enforce the law as enacted without considering other aids. *People v. Singleton* (1984), 103 Ill. 2d 339, 341; *Kozak v. Retirement Board* (1983), 95 Ill. 2d 211, 215; *People v. Boykin* (1983), 94 Ill. 2d 138, 141; *People v. Robinson* (1982), 89 Ill. 2d 469, 475-76.

It is clear that section 13—214, by stating that a "person," as used in the section, may refer to a body politic, expressly includes governmental entities, such as the county, within its purview. (See *People v. Snyder* (1917), 279 Ill. 435, 440; *Union County Regional Board of Trustees v. Union County Historical Society* (1977), 52 Ill. App. 3d 458, 460.) As such, the trial court erred in refusing to enforce the statute in accordance with its clear and unambiguous language. " 'There is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of the

statute imports.' " *People ex rel. Scott v. Schwulst Building Center, Inc.* (1982), 89 Ill. 2d 365, 371.

In addition, while seeking guidance from the legislative history is unnecessary where the statute is clear, we have reviewed the transcripts of the legislative proceedings discussing section 13—214. We can find nothing to indicate that the legislature did not mean precisely what it said when it expressly included bodies politic within the ambit of the statute. In fact, the legislative history supports the literal interpretation of the statute. House Bill 1031 (section 13—214), as originally drafted, did not define the word "person." A tape recording of a committee hearing reveals that the bill was amended (by adding the introductory definitional sentence) to clarify who was included as a "person" under the terms of the statute. (Tape Recording, House Judiciary No. 1 Committee Hearing, May 2, 1979.) Certainly the absence of any significant commentary cannot be construed as evincing a legislative intent to maintain common law governmental immunity, where the plain language of the statute indicates otherwise.

Further, a literal interpretation of the statute does not conflict with the holding articulated in *City of Shelbyville v. Shelbyville Restorium* (1983), 96 Ill. 2d 457. As in the instant case, the defendant contractor in *Shelbyville* moved to dismiss the complaint, invoking the bar of the statute of limitations as a defense to the municipality's action. Unlike the statute involved in the case under consideration, however, the statute of limitation in *Shelbyville* (Ill. Rev. Stat. 1977, ch. 83, par. 16) did not expressly include bodies politic. As such, this court upheld "the common law rule that the statute of limitations may not be asserted against the State or its county or municipal subdivisions as plaintiffs in actions involving 'public rights.' " (96 Ill. 2d 457, 459.) At the same time, it is well established that where a statute of limita-

tions does "expressly include the State, county, municipality, or other governmental agencies," common law governmental limitations immunity will not bar a limitations defense predicated on that statute. (*In re Estate of Bird* (1951), 410 Ill. 390, 394; *Clare v. Bell* (1941), 378 Ill. 128, 130; *Pielet Brothers Trading, Inc. v. Pollution Control Board* (1982), 110 Ill. App. 3d 752, 758; *Illinois Ry. Museum, Inc. v. Siegel* (1971), 132 Ill. App. 2d 77, 83.) Such is the case with section 13—214.

Because we find that the language of section 13—214 abrogates governmental limitations immunity, it is unnecessary to reach the issue of whether the instant action involves public rights. That becomes an appropriate inquiry only where a statute of limitation does not expressly state that it applies to a governmental entity. Under those circumstances, limitations immunity will only be applied where the action involves public rights. (*City of Shelbyville v. Shelbyville Restorium, Inc.* (1983), 96 Ill. 2d 457.) On the other hand, by expressly including bodies politic, section 13—214 runs against the county, whether the right asserted is public or private.

For the reasons stated, we reverse the trial court's finding that section 13—214 does not eliminate the county's common law right of immunity from that statute of limitations. While we find that the statute of limitations is applicable to the county, we conclude that a genuine and material issue of fact is raised regarding when the county possessed adequate information concerning the alleged damage and its cause so as to require inquiry to determine whether actionable conduct was involved. The discovery rule set forth in section 13—214 requires that a plaintiff bring his action "within 2 years from the time [he] *** knew or should reasonably have known of such act or omission." This court has construed the discovery rule relating to a statute of limitations to activate the running of the statute "when a person knows or reason-

ably should know of his injury and also knows or reasonably should know that it was wrongfully caused." (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 415; see also *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 169; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156.) As the court held in *Knox, Nolan* and *Witherall,* this is ordinarily a question of fact. Based on the pleadings and attached exhibits, we determine that it is a question of fact in this case.

Although the county was aware of the moisture problem as early as 1974, it is impossible to state, as a matter of law, that this knowledge was sufficient to trigger the running of the limitations period. It is possible that the suggestions of the architect and the resulting repairs were adequate to keep a reasonable person from investigating further. Nevertheless, at some point in time the county possessed the requisite amount of information necessary to put a reasonable person on inquiry as to whether a cause of action existed in its favor. Accordingly, this cause must be remanded to the circuit court of Du Page County for a factual determination of when the statute of limitations began to run against the county.

*Reversed and remanded,*
*with directions.*