COMMONWEALTH EDISON COMPANY, Plaintiff-Appellee, v. THE COUNTY OF LAKE *et al.*, Defendants-Appellants.

Second District   No. 2—88—1096

Opinion filed June 7, 1989.

Fred L. Foreman, State's Attorney, of Waukegan (Joseph E. Kolar and Van J. Herrero, Assistant State's Attorneys, of counsel), for appellants.

Donald M. Lonchar, Jr., of Lonchar, Nordigian & Bakk, of Waukegan, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Defendants, County of Lake (county) and Robert Streicher, director of the Lake County building and zoning department, appeal from an order of the circuit court granting summary judgment in favor of plaintiff, Commonwealth Edison Company. Defendants raise one issue on appeal: whether the public utility exemption of "An Act in relation to county zoning" (County Zoning Act) (Ill. Rev. Stat. 1987, ch. 34, par. 3151) excepted plaintiff's proposed land division which violated Lake County's zoning ordinance by creating a nonconforming lot. We reverse.

On June 9, 1988, plaintiff filed a suit for declaratory judgment seeking a declaration that it was exempt from compliance with the county's zoning ordinance by the public utility exemption. The complaint alleged that: plaintiff is a duly registered public utility as defined by the Public Utilities Act (Ill. Rev. Stat. 1987, ch. 111⅔, par. 1—101 et seq.); the county is a body politic organized under the laws of the State of Illinois; Streicher is the director of the building and zoning department and a zoning officer for the county; plaintiff is the owner of a parcel of land located in unincorporated Lake County, Illinois; on this parcel, plaintiff has a transmission distribution center which contains electric distributing equipment; the Lake County zon-

ing ordinance (ordinance) regulates lot sizes in unincorporated areas of the county; plaintiff's parcel is in an area zoned suburban estate (SE); plaintiff attempted to sell a portion of the parcel which it did not require for the operation and maintenance of the transmission distribution center; the subject parcel was to be divided, and plaintiff would have retained the southeast corner of the property where the transmission distribution center is located (retained parcel); the proposed lot which plaintiff intended to sell (sale parcel) would comply with the requirements of the ordinance for property zoned SE, but the retained parcel would not; the retained parcel is exempt from regulation by the county; and Streicher refused to issue any building permits for the sale parcel because the retained parcel violated the ordinance.

In their answer, defendants averred that plaintiff's proposed sale would be an illegal land division because the retained parcel would become a nonconforming lot and, under the terms of article V of the ordinance (Lake County, Ill., Zoning Ordinance art. V (1988)), the county could subsequently be forced to issue a building permit for the retained parcel. Defendants alleged that if the retained parcel was issued a conditional use permit, the county could not be forced to issue a building permit for the parcel at some future date.

Defendants and plaintiff filed motions for summary judgment. Plaintiff based its motion on the argument that the property is exempt from county regulation because it belongs to a public utility which has located on it electric distributing equipment. Defendants' motion denied that the public-utility exemption was applicable. In granting summary judgment in favor of plaintiff, the court found that plaintiff's division of the parcel into a vacant conforming lot and a nonconforming lot on which it has electric distributing equipment does not violate the ordinance because the retained parcel is exempt from regulation by reason of the exemption granted to public utilities in the County Zoning Act (Ill. Rev. Stat. 1987, ch. 34, par. 3151). Defendants then filed a motion to reconsider, which was denied.

On appeal, defendants contend that the trial court erred when it construed the public utility exemption of the County Zoning Act to except plaintiff from compliance with the county's zoning ordinance's lot division section, which provides:

"*Division of a Lot*—No recorded lot shall be divided into two (2) or more lots unless such division results in the creation of lots each of which conforms to all of the applicable regulations of the zone in which the property is located. No further reduction in the size of a recorded lot, which would render the lot

unable to meet the requirements of this Ordinance, shall be permitted." Lake County, Ill., Zoning Ordinance art. IV, §VI G.6 (1988).

■■ Summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c); *Puttman v. May Excavating Co.* (1987), 118 Ill. 2d 107, 112, 514 N.E.2d 188, 190.) Since summary judgment is a drastic means of disposing of litigation, it should be allowed only when the right of the moving party is clear and free from doubt. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871.) To defeat a motion for summary judgment, a party must provide a factual basis under which it would be entitled to judgment as a matter of law. (*Burns v. Addison Golf Club, Inc.* (1987), 161 Ill. App. 3d 127, 129, 514 N.E.2d 68, 70.) Defendants have not argued that there are any genuine issues of material fact. Thus, we must determine whether plaintiff was entitled to judgment as a matter of law.

■■ ■ The cardinal rule of statutory construction is to ascertain and give effect to the legislature's intention. (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151, 485 N.E.2d 1076, 1079.) The language of the statute is the best indication of the intent of the drafters. (*County of Du Page*, 109 Ill. 2d at 151, 485 N.E.2d at 1079.) Where the language of the statute is unambiguous, a court must enforce the law as enacted without considering other aids because there is no rule of statutory construction which authorizes a court to declare that the legislature did not intend what the plain language of the statute denotes. 109 Ill. 2d at 151-52, 485 N.E.2d at 1079.

The County Zoning Act provides in relevant part:

> "For the purpose of promoting the public health, safety, morals, comfort and general welfare, conserving the values of property throughout the county, *** the board of supervisors or board of county commissioners, as the case may be, of each county, shall have the power to regulate and restrict the location and use of buildings, structures and land *** [and] to divide the entire county outside the limits of such cities, villages and incorporated towns into districts ***. ***

> The powers by this Act given shall not be exercised *** so as to impose regulations or require permits with respect to land used or to be used for agricultural purposes ***; nor shall any such powers include the right to specify or regulate the *type or location of any poles, towers, wires, cables, conduits, vaults,*

*laterals or any other similar distributing equipment* of a public utility \*\*\*." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 34, par. 3151.)

Plaintiff claims that "as is plainly expressed in the exemption," the county's power to regulate lot size does not apply to the property of public utilities upon which is located electric distributing equipment. We do not agree.

■ The language of the statute is unambiguous. The exemption applies only to "poles, towers, wires, cables, conduits, vaults, laterals or any other similar distributing equipment." (Ill. Rev. Stat. 1987, ch. 34, par. 3151.) It does not state that the property of a public utility is exempt from county zoning regulations. Plaintiff can locate its transmission distribution centers anywhere on its property, but it cannot, however, circumvent county zoning regulations by selling off parts of a parcel of real estate to create nonconforming lots. We therefore conclude that defendants are entitled to summary judgment as a matter of law. The order of the circuit court is reversed, and the cause is remanded with directions that the trial court enter summary judgment in favor of defendants.

Reversed and remanded.

LINDBERG and WOODWARD, JJ., concur.