*In re* ESTATE OF HELEN HOEHN, Deceased (Thelma Baggs, Claimant-Appellant, v. Elizabeth A. Beck, Special Adm'r, Appellee (Connie Voight, Legatee, Defendant)).

Third District    No. 3—91—0894

Opinion filed September 23, 1992.

Kevin R. Galley, of Law Office of Kevin R. Galley, of Lacon, for appellant.

Elizabeth A. Beck, of Barnes & Barnes, of Lacon, appellee *pro se.*

JUSTICE STOUDER delivered the opinion of the court:

This appeal involves a statutory custodial claim filed by the claimant-appellant, Thelma Baggs, pursuant to section 18—1.1 of the Probate Act of 1975 (Ill. Rev. Stat. 1989, ch. 110½, par. 18—1.1) against the estate of her sister, Helen Hoehn. Because Baggs was also the estate's executor, the appellee, Elizabeth Beck, was appointed as special administrator of the estate. Following a hearing, the circuit court entered an order denying the claim, concluding that the claimant had not met the requirements of the statute. The only issue on appeal is whether the claimant satisfied the requirements of the statutory custodial claim statute. We affirm.

This case involves the estate of Helen Hoehn, who died testate on March 23, 1989. Hoehn's sister filed a statutory custodial claim against the estate on October 16, 1989. The statutory custodial claim statute is a new statute that went into effect on January 1, 1989, and provides as follows:

"Any spouse, parent, brother, or sister of a disabled person who dedicates himself or herself to the care of the disabled person by living with and personally caring for the disabled person for at least 3 years shall be entitled to a claim against the estate upon the death of the disabled person. The claim shall take into consideration the claimant's lost employment opportunities, lost lifestyle opportunities, and emotional distress experienced as a result of personally caring for the disabled person. The claim shall be in addition to any other claim, including without limitation a reasonable claim for nursing and other care. The claim shall be based upon the nature and extent of the person's disability ***." Ill. Rev. Stat. 1989, ch. 110½, par. 18—1.1.

Baggs contends that her actions in caring for her sister between 1979 and 1983 place her within the purview of the statute. On Decem-

ber 22, 1979, Helen Hoehn moved into an apartment in Lacon, Illinois. At the same time, Baggs moved into the apartment across the hall. Hoehn was suffering from Parkinson's disease, which steadily progressed during the time she lived in the apartment building. Hoehn's condition eventually required her to be admitted to a nursing home in December of 1983. Both Hoehn and Baggs were retired widows during the time they lived in the apartment building, and they were constant social companions. Baggs testified to having performed several functions in caring for her sister, including cutting her food, helping her bathe, and helping her dress. According to Baggs' testimony, she performed these functions during the 1½ years before Hoehn was admitted to a nursing home.

Hoehn died on March 23, 1989, leaving a personal estate in the amount of $63,220.86. In her will, she made several specific bequests of cash and personal property. Baggs was to receive a diamond ring and whatever household goods and personal belongings she wished to take. Hoehn's grandchildren, Connie Voight and James Guiliani, were to receive the residue of the estate. Baggs filed a statutory custodial claim against the estate, seeking $50,000 for her actions in caring for Hoehn. The circuit court denied Baggs' claim, finding that she did not fall within the purview of the statute.

We agree with the circuit court that the statute does not apply to Baggs for several reasons. First, Baggs did not meet the statutory requirement of living with the disabled person. Baggs claims that, in this case, living in an apartment across the hall is good enough. Baggs argues that since the door of her apartment was only eight feet from the door of Hoehn's apartment, this situation is no different than if they would have lived together. We disagree.

Where the language of a statute is unambiguous, courts must enforce the law as enacted without considering other aids for construction. (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 485 N.E.2d 1076.) Unambiguous terms of a statute, where not specifically defined, must be given their plain and ordinary meaning. (*Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 557 N.E.2d 873.) In our opinion, the plain and ordinary meaning of "living with" does not include other tenants of an apartment building. Baggs argues that this interpretation exalts form over substance. Such an argument ignores the fact that when statutory language is plain and certain the court is not free to give it a different meaning. There is no rule of construction authorizing a court to declare that the legislature did not mean what the plain language

of the statute imports. *County of Du Page*, 109 Ill. 2d 143, 485 N.E.2d 1076.

Further, we find that the circuit court was correct in deciding that Baggs did not meet the statutory requirement of dedicating herself to the care of Hoehn. We agree with the circuit court that a fair reading of the statute would lead to the conclusion that the factors to be considered in determining dedication are those listed in the statute itself: lost employment opportunities, lost lifestyle opportunities, and emotional distress experienced from caring for the disabled person. Baggs was already retired in 1979 and therefore did not lose any employment opportunities. Additionally, it does not appear that her lifestyle changed significantly while living across from her sister. Baggs did testify to suffering from emotional distress, but that distress was related to watching her sister die. Hoehn did not die until almost six years after the relevant time period in this case. Baggs' testimony does not reveal emotional distress suffered as a result of caring for her sister.

Finally, we find that Baggs has not satisfied the three-year time period of the statute. Baggs' testimony clearly revealed that the actions of caring for her sister, such as helping her dress, bathing her, and cooking and cutting her food, only occurred in the year and a half prior to Hoehn's confinement in the nursing home. Therefore, the three-year time period was not satisfied.

No issue was raised by the parties concerning the prospective or retroactive effect of the statute, and our decision expresses no opinion on that subject.

For all of the above reasons, the decision of the circuit court of Marshall County is affirmed.

Affirmed.

SLATER and HAASE, JJ., concur.