MICHAEL REMBIS, Plaintiff-Appellant, v. BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—91—4065

Opinion filed June 24, 1993.—Rehearing denied July 22, 1993.

William J. Harte, Ltd., of Chicago (William J. Harte and Joan M. Mannix, of counsel), for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Michael A. Pollard, Richard B. Foster, and Matthew W. Ferguson, of counsel), for appellees.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Michael Rembis, filed a three-count complaint in the circuit court of Cook County against several defendants; however, he only obtained service on the Board of Trustees of the University of Illinois (Board of Trustees) and Greg Cales. Both the Board of Trustees and Cales filed motions pursuant to section 2—619(a)(1) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(1)) challenging the subject matter jurisdiction of the circuit court. The trial court granted their motions, dismissed the plaintiff's action against them, and, pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), found that there was no just reason to delay enforcement or appeal. The plaintiff appealed the dismissal order and, for the reasons which follow, we affirm the trial court.

Because the plaintiff's action was involuntarily dismissed pursuant to section 2—619, the events leading up to the filing of the complaint are taken exclusively from its allegations. For the trial court's purposes in ruling on the motions and for our purposes on appeal, the facts as alleged in the complaint must be taken as true. *Island Lake Water Co. v. La Salle Development Corp.* (1986), 143 Ill. App. 3d 310, 493 N.E.2d 44; *Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 405 N.E.2d 1256.

In his complaint, the plaintiff alleged that he was a student at the University of Illinois at the Urbana-Champaign campus. On February 9, 1989, he was playing in an intramural ice hockey match conducted by the university. During the game, he was "checked" by another player causing his head to strike the sideboard of the rink. As a result of his injuries, the plaintiff is a quadriplegic.

On the date of the plaintiff's injury, Cales and the other individual defendants were employees of the university; Cales was the director of open intramural sports.

Count I of the complaint charges wilful and wanton misconduct on the part of several university employees. Specifically as to Cales, the plaintiff alleged he wilfully and wantonly failed to properly train and supervise employees and failed to warn the plaintiff of the risks to which he was exposed. The plaintiff also alleged that Cales wilfully and wantonly supervised and administered the hockey league. Further, the count charges the Board of Trustees with vicarious liability for the acts and omissions of its employees, including Cales.

Count II of the complaint charges other university employees with wilful and wanton misconduct and negligence for the medical care that they rendered to the plaintiff after his injury.

Count III alleges wrongful conduct on the part of the Board of Trustees in hiring certain employees, failing to properly train and supervise, providing plaintiff with medical care that increased his risk of injury, and exhibiting a conscious disregard for the safety of individuals injured while participating in the hockey league. Additionally, because the plaintiff incorporated the allegations of count II, count III can be read to charge the Board of Trustees with vicarious liability for the acts and omissions of its employees.

■ Article XIII, section 4, of the Illinois Constitution provides that "[e]xcept as the General Assembly may provide by law, sovereign immunity in this State is abolished." (Ill. Const. 1970, art. XIII, §4.) Acting under its constitutional grant of authority, the legislature has enacted several statutes which impact upon the resolution of this case. In the University of Illinois Act, which created the Board of Trustees, the legislature has provided that "any suit against the Board based upon a claim sounding in tort must be filed in the Court of Claims." (Ill. Rev. Stat. 1991, ch. 144, par. 22.) The Court of Claims Act provides that the Court of Claims shall have exclusive jurisdiction to hear and determine all tort claims against the Board of Trustees. Ill. Rev. Stat. 1991, ch. 37, par. 439.8(d).

Whether a particular action is, in fact, against the Board of Trustees and must be brought in the Court of Claims depends upon the issues involved and the relief sought, not on the formal identification of the parties. (See *Herget National Bank v. Kenney* (1985), 105 Ill. 2d 405, 475 N.E.2d 863.) Unless an agent of the Board of Trustees violates the law or exceeds his authority or if his duty to the plaintiff arises independent of his employment, the Court of Claims has exclusive jurisdiction over a tort claim against the agent for acts committed within his normal and official duties. See *Kilcoyne v. Paelmo* (1990), 204 Ill. App. 3d 139, 562 N.E.2d 231; *Robb v. Sutton* (1986), 147 Ill. App. 3d 710, 498 N.E.2d 267.

The plaintiff does not allege that Cales violated any law and the allegations do not support an inference that Cales' duty to the plaintiff arose independently of his function as an employee of the Board of Trustees. Even in the face of this circumstance, the plaintiff argues that the Court of Claims does not have exclusive jurisdiction. The plaintiff contends that both the Board of Trustees and its employees are amenable to suit in the circuit court when the theory of liability is predicated upon a claim of wilful and wanton misconduct. We disagree.

The primary rule of statutory construction is to ascertain and give effect to the legislature's intent. (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 485 N.E.2d 1076.) To determine the intent of the legislature, courts must first consider the language of the statute itself. (*Du Page*, 109 Ill. 2d 143, 485 N.E.2d 1076.) When the statutory language is clear and unambiguous, the court must enforce the law as enacted without using other aids to construction. *Du Page*, 109 Ill. 2d 143, 485 N.E.2d 1076.

■ We find that the language of the Court of Claims Act (Ill. Rev. Stat. 1991, ch. 37, par. 439.8(d)) and the University of Illinois Act (Ill. Rev. Stat. 1991, ch. 144, par. 22) is clear and unambiguous. These statutes vest exclusive jurisdiction in the Court of Claims for any and all tort claims against the Board of Trustees. The statutes do not distinguish between claims grounded in negligence and those grounded in wilful and wanton misconduct. And, as the plaintiff candidly admits, no reported case draws such a distinction. (See *Campbell v. White* (1991), 207 Ill. App. 3d 541, 566 N.E.2d 47; *Robb*, 147 Ill. App. 3d 710, 498 N.E.2d 267.) We find no reason to draw such a distinction here. The plaintiff's reliance upon the language of the State Employee Indemnification Act (Ill. Rev. Stat. 1991, ch. 127, par. 1300 *et seq.*) to justify a distinction is a theory that was rejected in *Healy v. Vaupel* (1990), 133 Ill. 2d 295, 549 N.E.2d 1240. And for the same reasons, we find no additional merit in the argument grounded in the provisions of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1991, ch. 85, par. 1—101 *et seq*).

Lastly, we reject the proposition that wilful and wanton misconduct on the part of an employee of the Board of Trustees is, by its very nature, action outside the scope of the employee's authority. *Campbell*, 207 Ill. App. 3d 541, 566 N.E.2d 47.

Whether characterized as negligence or wilful and wanton misconduct, it is clear from the allegations of the plaintiff's complaint that the relationship between the plaintiff and Cales had no source outside of Cales' employment. His alleged acts and omissions were committed

in the discharge of his official duties and not for some unrelated purpose. Whatever duty Cales owed to the plaintiff under the circumstances of this case existed because of the plaintiff's status as a student and his participation in a university-sponsored sporting event. (See *Healy*, 133 Ill. 2d 295, 549 N.E.2d 1240.) As such, any tort claim for Cales' breach of that duty must be brought in the Court of Claims regardless of the theory of recovery.

Having decided that the Court of Claims has exclusive jurisdiction over the plaintiff's claims without regard to the tort theory upon which those claims rest, we need not address the issue of whether the allegations of the complaint were sufficient to support causes of action for wilful and wanton misconduct.

For the foregoing reasons, the order of the circuit court of Cook County dismissing the plaintiff's complaint against the Board of Trustees and Cales for lack of subject matter jurisdiction is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.