792 N.E.2d 404 (2003)
341 Ill. App.3d 225
275 Ill.Dec. 173
Anthony DeMARCO and Piera DeMarco, Plaintiffs-Appellants,
v.
Gary ECKLUND and Schlueter, Ecklund, Olson, Barrett, Mayfield and Davitt, Defendants-Appellees.
No. 2-02-0218.
Appellate Court of Illinois, Second District.
June 27, 2003.
*405 Daniel E. Compton, Brittain & Ketcham, P.C., Elgin, for Anthony DeMarco, Piera DeMarco.
Stephen R. Swofford, Thomas J. Boswell, Hinshaw & Culbertson, Chicago, for Gary L Ecklund, Schlueter Ecklund Olson Barrett Mayfield & Davitt.
Presiding Justice HUTCHINSON delivered the opinion of the court:
Plaintiffs, Anthony and Piera DeMarco, brought a legal malpractice action against defendants, attorney Gary Ecklund and his law firm, Schlueter, Ecklund, Olson, Barrett, Mayfield & Davitt, for failing to file a breach of contract lawsuit before it became time barred. In the contract at issue, plaintiffs sold real estate to a buyer, Bruce Swanson, with a provision requiring Swanson to construct a water detention area on the property by September 1, 1990. Swanson never built the detention pond, and plaintiffs retained defendants as counsel in March or April 2000. In response to the malpractice action, defendants argued that plaintiffs did not suffer damages because, when they retained defendants, the action was already time barred under section 13-214(a) of the Code of Civil Procedure (the Code), the four-year statute of limitations for construction of improvements to real property (735 ILCS 5/13-214(a) (West 2000)). Plaintiffs responded that the trial court should apply section 13-206 of the Code, the 10-year statute of limitations for written contracts (735 ILCS 5/13-206 (West 2000)). The trial court granted defendants' motion for summary judgment, and plaintiffs timely appeal. We affirm.
The contract at issue provided for the sale of real estate to Swanson. Incorporated into the contract were the "additional contingencies, warranties, and representations" of attached "Exhibit B." Paragraph five of the exhibit stated:
"The buyer shall build, construct and erect at his sole expense, a Detention area located to the West of said premises *406 located in DeMarco property, which shall be used for surface runoff from buyer's property, all of the DeMarco property, as well as that property sold by DeMarco to Sutherland Lumber Co. The construction of the Detention area shall be in accordance with Drawings and Specifications prepared by Willett, Hofmann & Associates, Inc. and the City of Rockford authorities. These covenants shall be binding upon the heirs, successors and assigns of the parties. Said construction shall be completed on or before September 1, 1990. The buyer shall not be responsible for maintenance of said Detention area."
On appeal, plaintiffs assert that the trial court erred when it granted summary judgment in favor of defendants because (1) the contract statute of limitations should govern the complete non-performance of a contractual obligation, and (2) the construction statute of limitations requires actual engagement in its enumerated activities to apply. Summary judgment is appropriate when the pleadings, depositions, and affidavits show that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2000). We review a grant of summary judgment de novo. County of Lake v. Board of Education of Lake Bluff School District No. 65, 325 Ill.App.3d 694, 698, 260 Ill.Dec. 319, 761 N.E.2d 163 (2001).
We disagree with plaintiffs' contention that the contract statute of limitations automatically governs the complete non-performance of a contractual obligation. We decline plaintiffs' proposal to use a "predominant purpose of the contract" test, which would result in the application of section 13-206, because such a test is primarily applied to contracts involving the sale of goods. See Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 199 Ill.2d 325, 352, 264 Ill. Dec. 283, 770 N.E.2d 177 (2002) ("predominant purpose" test used to determine whether contract providing for both the sale of goods and rendition of services fell within article 2 of the Uniform Commercial Code). When two limitations periods apply to an action, the more specific statute is generally effective. Tosado v. Miller, 188 Ill.2d 186, 191, 242 Ill.Dec. 120, 720 N.E.2d 1075 (1999). Section 13-206 provides a 10 year limitations period for "actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing." 735 ILCS 5/13-206 (West 2000). Section 13-214 provides a four-year limitations period for "[a]ctions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property." 735 ILCS 5/13-214 (West 2000). This case centers on Swanson's obligation to build a detention pond rather than the real estate purchase as a whole, so we find section 13-214 more specific.
We also disagree with plaintiffs' argument that section 13-214 does not apply because one must engage in designing, planning, supervising, observing, or managing construction before an act or omission arises out of the activity. Plaintiffs believe that, because Swanson failed to do anything about the detention pond, he never engaged in a construction-related activity and therefore cannot have an omission arising out of that activity. In Lombard Co. v. Chicago Housing Authority, 221 Ill.App.3d 730, 167 Ill.Dec. 216, 587 N.E.2d 485 (1991), the reviewing court stated that it must determine "whether the particular activities the landowner has purportedly engaged in or failed to engage in, as the *407 case may be, fall within the purview of the statute." (Emphasis added.) Lombard Co., 221 Ill.App.3d at 735, 167 Ill.Dec. 216, 587 N.E.2d 485. The reviewing court further stated:
"Accordingly, we hold that although one of the main purposes of section 13-214 is to prevent liability in perpetuity against persons involved in the design and construction of buildings, such as architects, contractors and engineers (see 80th Ill. Gen. Assem., House Proceedings, May 25, 1979, at 11), it also governs a landowner in a breach of contract action who is being sued for an act or omission of one of the specified construction-related activities or for actual construction." Lombard, 221 Ill.App.3d at 735, 167 Ill.Dec. 216, 587 N.E.2d 485.
Furthermore, the primary rule of statutory construction requires that the intention of the legislature should be determined and given effect. County of Du Page v. Graham, Anderson, Probst & White, Inc., 109 Ill.2d 143, 151, 92 Ill.Dec. 833, 485 N.E.2d 1076 (1985). Courts should first look to the language of the statute as the best indication of the legislature's intent. County of Du Page, 109 Ill.2d at 151, 92 Ill.Dec. 833, 485 N.E.2d 1076. If the language is unambiguous, courts must follow the plain meaning of the statute. County of Du Page, 109 Ill.2d at 151-52, 92 Ill. Dec. 833, 485 N.E.2d 1076. The plain meaning of section 13-214 includes a person's "act or omission" in the construction of an improvement to real property, which brings Swanson's failure to construct the detention pond into its purview.
Contrary to plaintiffs' assertion, holding that section 13-214 applies does not create a differentiation based upon a person's status rather than a person's activities. Rather, the court must look to the activity involved and determine whether it is a construction-related activity falling within section 13-214. See People ex rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc., 114 Ill.2d 252, 261, 102 Ill.Dec. 412, 500 N.E.2d 34 (1986); Blinderman Construction Co. v. Metropolitan Water Reclamation District of Greater Chicago, 325 Ill.App.3d 362, 369, 259 Ill.Dec. 68, 757 N.E.2d 931 (2001); Adcock v. Montgomery Elevator Co., 274 Ill.App.3d 519, 524, 211 Ill.Dec. 169, 654 N.E.2d 631 (1995). Accordingly, the trial court properly granted summary judgment in favor of defendants.
For the foregoing reasons, the judgment of the circuit court of Winnebago County is affirmed.
Affirmed.
GILLERAN JOHNSON, J., concurs.
Justice BOWMAN, dissenting:
I respectfully dissent. I believe that the 10-year statute of limitations for written contracts (735 ILCS 5/13-206 (West 2000)) rather than the 4-year statute of limitations for construction of improvements to real property (735 ILCS 5/13-214(a) (West 2000)) should apply in this case.
The majority takes the position that section 13-214 does not require one to engage in any construction-related activity as long as the subject matter of the contract centers upon an improvement to real property. However, this interpretation seems to circumvent the intention of the legislature. As the majority recognizes, one of the main purposes of section 13-214 is to prevent liability in perpetuity against persons involved in the design and construction of buildings, such as architects, contractors, and engineers. Lombard Co. v. Chicago Housing Authority, 221 Ill.App.3d 730, 735, 167 Ill.Dec. 216, 587 N.E.2d 485 (1991). Our supreme court has clearly stated that this statute "protects, on its face, anyone who engages in the enumerated activities." (Emphasis in original.) *408 People v. Hellmuth, Obata & Kassabaum, 114 Ill.2d 252, 261, 102 Ill.Dec. 412, 500 N.E.2d 34 (1986). Particular deference is given legislative classifications when those classifications are based upon activities rather than status. Hellmuth, 114 Ill.2d at 261, 102 Ill.Dec. 412, 500 N.E.2d 34.
Here, it is undisputed that Swanson engaged in none of the activities enumerated in section 13-214. Nevertheless, the majority finds Swanson to fall within the purview of the statute. While I agree that the plain meaning of the statute includes a person's "act or omission" in the construction of an improvement to real property, I do not agree that the term "omission" encompasses a complete lack of performance on a construction-related obligation. Therefore, I do not believe Swanson's complete failure to take any action with respect to the detention pond constitutes an "omission" within the language of the statute. In other words, because Swanson never engaged in a construction-related activity, there can be no omission arising out of that activity.
The case law is clear that one must have engaged in the enumerated activities to be protected under section 13-214. Thus, the appropriate focus in determining whether this statute applies is whether the activity engaged in constitutes the "design, planning, supervision, observation or management of construction." 735 ILCS 5/13-214(a) (West 2000). Indeed, the majority states that the court must first look to the activity involved and determine whether it is a construction-related activity falling within section 13-214. However, as stated previously, there was no construction-related activity in this case. Hence, section 13-214 does not apply.
In short, the fact that this real estate contract involved an improvement to real property does not automatically subject it to the four-year statute of limitations. Rather, the four-year statute of limitations should apply only when one has actually engaged "in the design, planning, supervision, observation or management of construction." 735 ILCS 5/13-214(a) (West 2000). Otherwise, it is the subject matter of the contract, rather than the "activity" actually engaged in, which controls.
While this is a case of first impression, I believe a more commonsense approach would be to interpret Swanson's total lack of performance as triggering the 10-year statute of limitations for written contracts. Therefore, I would reverse the judgment of the circuit court granting defendants' motion for summary judgment.