No. 2--05--0534                                            filed: 1/24/06

_____

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

_____

| | | |
|---|---|---|
| PRATE INSTALLATIONS, INC., | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 05--AR--352 |
| | ) | |
| RICHARD THOMAS and REBECCA | ) | |
| THOMAS, | ) | Honorable |
| | ) | Mary S. Schostok, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

____

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, general contractor Prate Installations, Inc., brought suit against defendants, homeowners Richard and Rebecca Thomas. Plaintiff alleged that defendants had failed to pay for the removal and repair of their roof. Defendants moved to dismiss the case under section 2--619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2--619(a)(5) (West 2004)), arguing that the action was time-barred. The trial court granted the motion and dismissed the case. We reverse and remand.

I. BACKGROUND

Plaintiff filed a two-count complaint on March 1, 2005. The first count, entitled "breach of contract," alleged the following. Plaintiff is a corporation engaged in the roofing business. On October 19, 2000, the parties entered a written agreement whereby plaintiff

was to remove the existing roof on defendants' residence, supply and install a new shingle roof, install an ice shield and new power fan, provide for a Dumpster, and remove and replace ridge vents. In exchange, defendants promised to pay $8,660. The agreement provided that any past-due balances would be subject to a 2.5% monthly service charge. Plaintiff completed its obligations by October 31, 2000, on which date it first sent defendants an invoice. Although plaintiff subsequently sent defendants numerous copies of the invoice, defendants never paid any of the money due. Plaintiff sought damages consisting of the contract price, service charges, and attorney fees and costs.

Count II, entitled "account stated," alleged that an "account was stated in writing between" the parties and showed a balance of $8,660 due to plaintiff. It further alleged that despite plaintiff's numerous demands for payment, defendants had unreasonably and vexatiously refused to pay. In count II, plaintiff sought damages of $8,660 plus costs and prejudgment interest.

Defendants moved to dismiss the case under section 2--619(a)(5) of the Code. They argued that the cause was time-barred because plaintiff had failed to file suit within the four-year limitations period governing the construction of improvements to real property (735 ILCS 5/13--214(a) (West 2004)). Plaintiff's response to defendants' motion to dismiss argued that the 10-year limitations period for written contracts applied (735 ILCS 5/13--206 (West 2004)). Specifically, plaintiff argued that section 13--214(a) did not apply because defendants were not engaged in any of the construction-related activities listed in that section. The trial court granted defendants' motion to dismiss, and this timely appeal followed.

## II. ANALYSIS

We first address the applicable standard of review. The trial court dismissed the case under section 2--619(a)(5) of the Code, which allows for the involuntary dismissal of an action that "was not commenced within the time limited by law." 735 ILCS 5/2--619(a)(5) (West 2004). Such a dismissal is subject to de novo review. Haber v. Reifsteck, 359 Ill. App. 3d 867, 868 (2005).

At issue in this case is which of two limitations periods governs plaintiff's action. Section 13--206 provides a 10-year limitations period for "actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing." 735 ILCS 5/13--206 (West 2004). Section 13--214(a) provides a four-year limitations period for "[a]ctions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property." 735 ILCS 5/13--214(a) (West 2004). This limitations period is measured "from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission." 735 ILCS 5/13--214(a) (West 2004).

On appeal, plaintiff argues that section 13--214(a) is not applicable to this case because (1) defendants did not have any duties enumerated in the statute in connection with the roof's removal and replacement, and, alternatively (2) plaintiff's activities constituted maintenance rather than an improvement to real property. We agree with plaintiff's first argument.

One of the sponsors of the bill leading to section 13--214(a) stated that its purpose was " 'to provide some relief for professionals, who are trying to exercise their sound judgment in the design and construction of improvements to real property.' " Lombard Co. v. Chicago Housing Authority, 221 Ill. App. 3d 730, 734 (1991), quoting 80th Ill. Gen. Assem.,

House Proceedings, May 25, 1979, at 32 (statements of Representative Dunn).  However, our supreme court held that section 13--214(a) does not exclude persons based upon their status but, rather, protects anyone who engages in the enumerated activities.  People ex rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc., 114 Ill. 2d 252, 261 (1986).  Thus, in order for a landowner to be protected by the statute, the "landowner [must] actually engag[e] in the professional planning, supervision or management of a construction project or the construction of an improvement to the property."  Lombard Co., 221 Ill. App. 3d at 735.  The statute also protects a landowner who is being sued for failing to engage in an activity enumerated by the statute.  Lombard Co., 221 Ill. App. 3d at 735; see also DeMarco v. Ecklund, 341 Ill. App. 3d 225, 228 (2003) ("plain meaning of section 13--214 includes a person's 'act or omission' in the construction of an improvement to real property").

Defendants argue that "[f]or [section] 13-214 to come into play, the action must be based upon 'contract' and, [sic] the construction must be an 'enumerated activity' as set out in the statute."  According to defendants, the "facts set out in Plaintiff's complaint concede that Prate performed a construction of an improvement to real property by replacement of the damaged roof."  (Emphasis added.)

As defendants recognize, plaintiff, rather than defendants, arguably engaged in an activity protected by the statute.  Defendants are being sued for their alleged failure to pay a bill rather than for their act or omission in the construction of an improvement to property.  Thus, defendants are not protected by section 13--214(a).  See Blinderman Construction Co. v. Metropolitan Water Reclamation District of Greater Chicago, 325 Ill. App. 3d 362, 370 (2001) ("[u]nder section 13--214(a) the key determination is whether the defendant engaged in the construction activities enumerated under section 13--214(a)").

Defendants cite <u>DeMarco</u>, in which this court stated, "the court must look to the activity involved and determine whether it is a construction-related activity falling within section 13--214." <u>DeMarco</u>, 341 Ill. App. 3d at 228. However, we also stated in <u>DeMarco</u> that the landowner must face suit for an act or omission in a construction-related activity in order for section 13--214 to come into play. <u>DeMarco</u>, 341 Ill. App. 3d at 228; see also <u>Paschen Contractors, Inc. v. City of Kankakee</u>, 353 Ill. App. 3d 628, 636-37 (2004) (section 13--206, rather than section 13--214, governed claim that the defendants had breached their contract by failing to pay contractor additional compensation); <u>cf.</u> <u>Blinderman Construction Co.</u>, 325 Ill. App. 3d at 367 (section 13--214(a) applicable to recover payment for work engendered by the defendant <u>in its capacity as</u> construction supervisor and/or manager). As defendants are not being sued for their act or omission in a construction-related activity, section 13--206's 10-year limitations period for written contracts applies. Plaintiff's March 1, 2005, complaint was, therefore, timely, and the trial court erred by granting defendants' motion to dismiss.

III. CONCLUSION

For the foregoing reasons, we reverse the judgment of the Lake County circuit court and remand the cause for further proceedings.

Reversed and remanded.

McLAREN and KAPALA, JJ., concur.