2020 IL App (1st) 191723-U

No. 1-19-1723

April 27, 2020

First Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MICHAEL BRIGGS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 L 012432 |
| | ) | |
| SMG FOOD & BEVERAGE, LLC, SHAUN BEARD, | ) | Honorable |
| STEVEN TAMBORELLO and MELITA MOORE, | ) | Daniel Kubasiak, |
| | ) | Judge Presiding. |
| Defendants-Appellees. | ) | |

JUSTICE WALKER delivered the judgment of the court.
Justice Hyman and Justice Pierce concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The discovery rule for defamation cases allows a plaintiff to file his complaint within one year after he discovered that he suffered a wrongfully caused injury. The limitations period does not start if assurances and circumstances lead the plaintiff not to inquire further to find out whether an injury had a wrongful cause.

April 27, 2020

¶ 2    Michael Briggs filed a complaint in November 2018, alleging that Shaun Beard and others defamed him in 2015.  The circuit court granted the defendants' motion to dismiss the complaint as untimely. On appeal, Briggs argues that he has alleged facts that could support a finding that before November 25, 2017, he neither knew nor should have known that wrongful conduct had caused him to suffer an injury.  We agree.  We reverse the circuit court's judgment and remand for further proceedings on the complaint.

¶ 3                                    I. BACKGROUND

¶ 4    Because the circuit court dismissed the cause of action on the pleadings, we must assume the truth of the factual assertions of the complaint. *Falk v. Martel*, 210 Ill. App. 3d 557, 560-61 (1991). Accordingly, we base our statement of facts on the complaint and supporting documents. See *Triangle Sign Co. v. Weber, Cohn & Riley*, 149 Ill. App. 3d 839, 843 (1986).

¶ 5    Beard, an officer of SMG Food & Beverage LLC, agreed to meet with union representatives on August 22, 2015.  They scheduled the meeting to take place in a conference room at McCormick Place.  Beard asked Steven Tamborello, an officer of SMG, and Melita Moore, Human Resources Director for SMG, and others to attend the meeting.  The meeting took place at the scheduled time but in a different building.

¶ 6    Briggs, who worked as a bell captain for SMG, received no invitation to the meeting, and he did not attend it.  When Briggs came to work on September 18, 2015, he found that his ID card did not give him the access to do his job.  Before 6 a.m., Briggs emailed Moore to tell her, "I am not able to get into rooms. I cannot do my job properly if *** my card doesn't work."  Moore responded, "Your ID badge has been activated. What rooms are you having problems getting into?"  A few minutes later Lynn Doyle, another employee of SMG, emailed Briggs: "Michael,

what doors can't you swipe into? I've never had a complaint from Calvin which is why I told them to give you the same access. Please let me know if you are having issues." Briggs wrote back, "My card does not work anywhere. I have tried pantrys, rooms that are not lock out." Doyle wrote, "I just talked to security…. She was out of the office and didn't get my email. She is giving you access now. Wait 5 minutes and try it. If it still doesn't work, please let me know." At 2 p.m. on September 18, 2015, less than 9 hours after Briggs discovered the problem, he wrote to Doyle, "It works again, thank you."

¶ 7    On November 25, 2017, one of the persons who attended the meeting on August 22, 2015, told Briggs that when the meeting attendees arrived at the original meeting site, Beard announced, "We have to move the meeting because Michael Briggs is threatening the building because he is a terrorist."

¶ 8    On November 15, 2018, Briggs sued Beard, SMG, Tamborello, and Moore for defamation. The defendants moved to dismiss the complaint as untimely. The circuit court held that Briggs "should have learned of his duty to investigate his injury" when his ID card did not work on September 18, 2015. The court granted the defendants' motion to dismiss the complaint under section 2-619(a)(5) of the Code of Civil Procedure. 735 ILCS 5/2-619(a)(5) (West 2018). Briggs now appeals.

¶ 9                                    II. ANALYSIS

¶ 10   We review *de novo* the dismissal of a complaint under section 2-619(a)(5). *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 254 (2004). "The statute of limitations to file a defamation claim is one year. See 735 ILCS 5/13–201 (West 2004). *** Under the discovery rule, the limitations period would not begin to run until such time a person knows, or reasonably

should have known, of his or her injury and that such injury was wrongfully caused." *Peal v. Lee*, 403 Ill. App. 3d 197, 207 (2010).

¶ 11    *Henderson Square Condominium Ass'n v. LAB Townhomes, LLC*, 2015 IL 118139, is instructive to our analysis. This case is similar to cases discussed in *Henderson Square.* Our supreme court noted:

> "In *Graham* [*County of Du Page v. Graham, Anderson, Probst & White, Inc.*, 109 Ill. 2d 143 (1985)], the plaintiff knew of moisture problems in its building, which was constructed by the defendant eight years before the plaintiff's complaint was filed in 1982 for faulty construction. The architect had provided reasons for the moisture problems that were not actionable ***. This court reversed the trial court's order that dismissed the plaintiff's cause of action. In so doing, this court observed *** 'It is possible that the suggestions of the architect and the resulting repairs were adequate to keep a reasonable person from investigating further.' *Id.* at 154.
>
> In *Fox* [*Society of Mount Carmel v. Fox*, 90 Ill. App. 3d 537 (1980)], the plaintiffs sued their architect for the faulty construction of a school. Plaintiffs noticed cracks and defects in the building more than five years before their complaint was filed. *** Sometime later, the plaintiffs obtained a report that indicated the cracks were caused by a design defect involving the lack of expansion joints.   *** [T]he statute of limitations did not begin to run until the date of the discovery of the design defect, rather than the date when the plaintiffs knew of the cracks in the building.

*** [I]t is possible that the minor repairs in the present case, coupled with the limited nature of the water infiltration experienced, was enough to reasonably delay plaintiffs' *** discover[y of] the latent defects. We conclude that the date when plaintiffs knew or reasonably should have known that an injury occurred and that it was wrongfully caused was a question of fact not to be decided on a motion to dismiss under the circumstances of the present case." *Henderson Square*, 2015 IL 118139, ¶¶ 57-59.

¶ 12    Here, the assurances Briggs received from Moore and Doyle that his ID card should give him access to the rooms, along with the restoration of full access less than nine hours after he discovered the problem, was "adequate to keep a reasonable person from investigating further." *Graham*, 109 Ill. 2d at 154.  The facts alleged in the complaint and the supporting exhibits suffice to raise an issue of fact as to when Briggs should have known that wrongful conduct caused his ID card to malfunction on September 18, 2015.  We reverse the order dismissing Briggs's complaint and remand for further proceedings in accord with this order.

¶ 13                             III.  CONCLUSION

¶ 14    Briggs alleged facts that could support a finding that before November 25, 2017, he neither knew nor should have known that wrongful conduct caused him to suffer an injury. Therefore, he has adequately stated a timely cause of action for defamation. We reverse the circuit court's judgment and remand for further proceedings on the complaint.

¶ 15    Reversed and remanded.