FEDERAL INSURANCE COMPANY, as Subrogee of Thomas Croghan, *et al.*, Plaintiff-Appellant, v. KONSTANT ARCHITECTURE PLANNING, INC., *et al.*, Defendants-Appellees (Hanson Roofing, Inc., Third-Party Plaintiff; P.T. Construction, Inc., Third-Party Defendant).

First District (3rd Division)   No. 1—08—0938

Opinion filed February 11, 2009.

---

Cozen O'Connor, of Chicago (Larry R. Eaton, of counsel), for appellant.

Stamos & Trucco, LLP, of Chicago (James J. Stamos, of counsel), for appellees.

JUSTICE QUINN delivered the opinion of the court:

Plaintiff, Federal Insurance Company (Federal), brought suit against defendant Konstant Architects,[1] alleging breach of contract with respect to the design and building of a residence insured by plaintiff. Defendant filed a motion to dismiss the case under section 2—619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2—619(a)(5) (West 2006)), arguing that the action was time-barred. The circuit court granted defendant's motion and dismissed the case. Plaintiff now appeals. For the following reasons, we affirm.

Plaintiff filed a complaint on September 9, 2005. The complaint alleged that Thomas and Anita Croghan entered into a contract with defendant to design a home in Winnetka, Illinois. The contract consisted of a standard form agreement between owner and architect, which was a document issued by the American Institute of Architects (AIA). Article 9.3 of the contract provides:

---

[1]Plaintiff entered into a settlement agreement with defendant Hanson Roofing, Inc., and third-party defendant P.T. Construction, Inc. Pursuant to that settlement agreement, the circuit court dismissed the portion of this case with respect to these parties on March 27, 2008.

"Causes of action between the parties to this Agreement pertaining to acts or failures to act shall be deemed to have accrued and the applicable statutes of limitations shall commence to run not later than either the date of Substantial Completion, or the date of issuance of the final Certificate for Payment for acts or failures to act occurring after Substantial Completion."

The parties agree that the home was built and substantially completed in 1997. The Croghans discovered water and mold damage in their home on November 7, 2002. The damages and remediation caused by water intrusion and mold infestation resulted in costs to repair in excess of $300,000. Plaintiff paid the Croghans for these losses pursuant to an insurance policy that it had previously issued to the Croghans. As a result, plaintiff became subrogated to the rights of its insureds, the Croghans.

In the complaint, plaintiff alleged that defendant breached the AIA contract by: (1) failing to properly design the Croghans' home, including the failure to provide proper ventilation and a roof design to prevent ice damming, leaking, and water intrusion; (2) failing to properly supervise the installation of the roof to prevent ice damming, water intrusion, and mold infestation; and (3) failing to warn the Croghans that their home, as designed and built, was at risk of having ice damming, water infiltration, and possible mold infestation.

Defendant filed a motion to dismiss the case under section 2—619(a)(5) of the Code. Defendant argued that the cause of action was time-barred because plaintiff had failed to file suit within the four-year limitations period governing the construction of improvements to real property (735 ILCS 5/13—214(a) (West 2006)). Defendant maintains that pursuant to the AIA contract, specifically Article 9.3, the statute of limitations began to run at the time the house was completed in 1997, and, therefore, plaintiff did not file its complaint within the requisite four-year period.

On September 8, 2006, the circuit court entered an order granting defendant's motion to dismiss plaintiff's complaint. In doing so, the circuit court found that the four-year limitations period applied to this case (735 ILCS 5/13—214(a) (West 2006)) and that Article 9.3 of the AIA contract provided that the applicable four-year period began to run on the date of substantial completion. Because four years had elapsed since the date of substantial completion, the circuit court concluded that plaintiff's complaint was time-barred. Plaintiff now appeals.

The circuit court dismissed this case under section 2—619(a)(5) of the Code, which allows for the involuntary dismissal of an action that "was not commenced within the time limited by law." 735 ILCS 5/2—

619(a)(5) (West 2006). Such a dismissal is subject to *de novo* review. *Alvarez v. Pappas*, 229 Ill. 2d 217, 220 (2008).

On appeal plaintiff contends, as it did below, that the statute of limitations applicable to this case is section 13—206, which provides for a 10-year limitations period. Defendant contends that the four-year limitations period under section 13—214(a) is applicable to this case. We agree with defendant.

■ ■ Section 13—206 provides a 10-year limitations period for "actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing." 735 ILCS 5/13—206 (West 2006). Section 13—214(a) provides:

> "Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission." 735 ILCS 5/13—214(a) (West 2006).

Section 13—214(a) protects a party who is being sued because it either engaged in an activity enumerated in section 13—214(a) (*People ex rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc.*, 114 Ill. 2d 252, 261 (1986)), or failed to engage in such an activity (*DeMarco v. Ecklund*, 341 Ill. App. 3d 225, 227-28 (2003)). Thus, section 13—214(a)'s limitations period applies to an action alleging faulty construction against the architectural and engineering firm, general contractor, and masonry subcontractor involved in the building's construction. *Hellmuth*, 114 Ill. 2d at 263. Section 13—214(a) has been held to apply to a landowner's failure to build a water retention pond (*DeMarco*, 341 Ill. App. 3d at 227); a water reclamation district's failure to pay for work generated by the district in its capacity as a construction supervisor (*Blinderman Construction Co. v. Metropolitan Water Reclamation District of Greater Chicago*, 325 Ill. App. 3d 362, 367 (2001)); and a landowner's nonpayment for extra work caused by its failure to timely approve or reject shop drawings (*Lombard Co. v. Chicago Housing Authority*, 221 Ill. App. 3d 730, 735 (1991)). Section 13—214(a)'s limitations period does not apply to the failure of homeowners to pay for a new roof (*Prate Installations, Inc. v. Thomas*, 363 Ill. App. 3d 216, 219 (2006)), or the failure of a city and project engineer to pay the general contractor additional compensation provided for by contract (*Paschen Contractors, Inc. v. City of Kankakee*, 353 Ill. App. 3d 628, 636-37 (2004)).

■ Again, section 13—214(a) applies only if the defendant is being sued for its act or omission of one of the enumerated construction-

related activities. *Paschen Contractors*, 353 Ill. App. 3d at 636. Applying this principle to the instant case, we conclude that section 13—214(a) applies to plaintiff's action. Plaintiff's complaint is based upon a contract which deals with the design and construction of the Croghans' home.

Plaintiff argues that the Illinois statutory limitations scheme is an "organic whole" that should be read together. Nevertheless, when two limitations periods apply to an action, the more specific statute is generally effective. *DeMarco*, 341 Ill. App. 3d at 227. Here, section 13—214(a) is more specific than section 13—206 and, therefore, section 13—214(a) is the controlling statute.

Plaintiff also asserts that even if the four-year limitations period under section 13—214(a) applied, section 13—214(b) allows for a 10-year statute of limitations, so long as the action is brought within four years of the date that the party making the claim discovers such act or omission. Section 13—214(b) provides:

"No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission. However, any person who discovers such act or omission prior to expiration of 10 years from the time of such act or omission shall in no event have less than 4 years to bring an action as provided in subsection (a) of this Section." 735 ILCS 5/13—214(b) (West 2006).

Contrary to plaintiff's assertion, subsection (a) of section 13—214 is the limitations portion of the statute; whereas, subsection (b) of section 13—214 is commonly known as the repose portion of the statute. See *Ryan v. Commonwealth Edison Co.*, 381 Ill. App. 3d 877, 879 (2008); *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190, 194 (1992).

As previously stated, section 13—214(a) provides that the statute of limitations begins to run "from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission." 735 ILCS 5/13—214(a) (West 2006). Plaintiff asserts that Article 9.3 of the contract has no impact on this language, which makes the discovery rule applicable to actions brought under section 13—214(a). Defendant asserts that Article 9.3 precludes application of the discovery rule. While neither party cites Illinois case law regarding the application of a contractual provision that controls the accrual date of an action, "it is well established that parties to a contract may agree upon a shortened contractual limitations period to replace a statute of limitations, as long as it is reasonable." *Medrano v. Production Engineering Co.*, 332 Ill. App. 3d 562, 566 (2002).

Defendant cites to other jurisdictions that have addressed the impact that Article 9.3 has on the accrual date of the applicable statute of limitations. In *Gustine Uniontown Associates, Ltd. v. Anthony Crane Rental, Inc.*, 892 A.2d 830 (Pa. Super. 2006), the Pennsylvania court held that parties to a contract may lawfully control accrual dates and that the language of Article 9.3 of the AIA contract "precludes application of the discovery rule, indeed that is its obvious intent." *Gustine*, 892 A.2d at 836. The *Gustine* court rejected the plaintiff's argument that it would be manifestly unreasonable to preclude application of the discovery rule under Article 9.3 to an action, like the instant one, involving latent construction defects. *Gustine*, 892 A.2d at 836. The court noted that Article 9.3 did not shorten the statutory limitations period, but merely dictated when the statute of limitations was triggered. The court explained that the limitations period of four years remained intact, but simply started to run when the certificates were issued or upon substantial completion. *Gustine*, 892 A.2d at 836.

In *Schultz v. Cooper*, 134 S.W.3d 618 (Ky. App. 2003), the Kentucky court held that the discovery rule was inapplicable because of the provision of the AIA contract (entitled Article 8.3 in that case) requiring that the limitations period of all claims arising out of the contract between the homeowner and architect commence upon substantial completion of the work or issuance of the final certificate for payment. *Schultz*, 134 S.W.3d at 620. The *Schultz* court also rejected the plaintiff's argument that the AIA contract provision establishing the date of accrual violated public policy. The court noted that Kentucky case law had long upheld the validity of contractual terms that deliberately depart from statutory limits and instead provide for shorter limitations periods. *Schultz*, 134 S.W.3d at 621. The court concluded that the abbreviated period of limitations provided under the AIA contract was reasonable and did not offend public policy. *Schultz*, 134 S.W.3d at 621. In reaching this determination, the court relied on its previous determination in *Old Mason's Home of Kentucky, Inc. v. Mitchell*, 892 S.W.2d 304 (1995), in which the court upheld the same AIA contractual provision varying the rule of accrual. The *Schultz* court also cited other jurisdictions that have upheld the AIA contractual provision altering the normal accrual date for causes of action. See *Harbor Court Associates v. Leo A. Daly Co.*, 179 F.3d 147 (4th Cir. 1999) (enforcing AIA contractual provision, entitled "Section 11.3," which circumvented the discovery rule by fixing the accrual date of any action to the date that work on the project was substantially completed); see also *College of Notre Dame of Maryland, Inc. v. Morabito Consultants, Inc.*, 152 Md. App. 158, 159, 752 A.2d 265, 271 (2000) (Article 9.3 of AIA contract "specifie[d] a clear date for accrual of a cause of action" and was not governed by the discovery rule).

Similarly, we find that Article 9.3 of the AIA contract in this case controlled the accrual date of the applicable statute of limitations and precluded application of the discovery rule. When construing the language of a contract, this court's primary objective is to give effect to the intent possessed by the parties at the time they entered the agreement. *Regency Commercial Associates, LLC v. Lopax, Inc.*, 373 Ill. App. 3d 270, 277 (2007). The agreement is to be interpreted as a whole and, when possible, effect and meaning must be given to every provision in the contract. *Fidelity National Title Insurance Co. of New York v. Westhaven Properties Partnership*, 386 Ill. App. 3d 201, 214 (2007). " 'Where the terms of a contract are clear and unambiguous, they will be given their natural and ordinary meanings.' " *Fidelity National Title Insurance*, 386 Ill. App. 3d 201, 214 (2007), quoting *Thakral v. Mattran*, 156 Ill. App. 3d 849, 854 (1987). In the absence of an ambiguity, the parties' intent is ascertained solely from the words of the contract itself, and this court will not interpret a contract in a manner that would nullify or render provisions meaningless or that is contrary to the plain and obvious meaning of the language used. *Fidelity National Title Insurance*, 386 Ill. App. 3d at 214.

While plaintiff argues that Article 9.3 is ambiguous, we find that it is "unambiguous and susceptible of only one meaning" in that it "specifies a clear date for [the] accrual of a cause of action." *College of Notre Dame of Maryland*, 132 Md. App. at 169, 752 A.2d at 271. Article 9.3 clearly provides that the applicable statute of limitations began to run on the date of substantial completion or final payment. The parties agree that the home was built in 1997; therefore, the four-year statute of limitations under section 13—214(a) began to run no later than December 31, 1997. Plaintiff did not file its complaint until September 9, 2005, at least three years after the statute of limitations had run. Accordingly, we find that the circuit court did not err in dismissing plaintiff's complaint as untimely.

Defendant argues for the first time on appeal that the circuit court's dismissal should be affirmed where plaintiff's claims are not supported by the contract. However, this court need not consider this alternative argument.

For the above reasons, we affirm the circuit court's dismissal of plaintiff's complaint pursuant to section 2—619(a)(5) of the Code.

Affirmed.

THEIS and COLEMAN, JJ., concur.