# Illinois Official Reports

## Appellate Court

---

*15th Place Condominium Ass'n v. South Campus Development Team, LLC*,
2014 IL App (1st) 122292

---

| | |
|---|---|
| Appellate Court Caption | 15TH PLACE CONDOMINIUM ASSOCIATION, Plaintiff-Appellant, v. SOUTH CAMPUS DEVELOPMENT TEAM, LLC, Defendant and Third-Party Plaintiff-Appellant (Fitzgerald Associates Architects P.C., and Linn-Mathes, Inc., Third-Party Defendants-Appellees). |
| District & No. | First District, Fourth Division<br>Docket Nos. 1-12-2292, 1-12-2301 cons. |
| Filed | June 26, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action by a condominium association against the developer of the project based on defects in the construction, the trial court properly dismissed the developer's third-party claims against the architect and the general contractor for breach of contract, breach of the implied warranty of good workmanship and implied indemnity on the ground that those claims were time-barred pursuant to the contract accrual provision under which all causes of action were to accrue on the date of substantial completion of the project, since the actions at issue were filed beyond the expiration of the four-year limitations period calculated from the dates of completion as determined according to the contract; however, because the claim against the contractor for express indemnity was based on the failure to indemnify, not for any construction activities, the contract's accrual provision did not apply, and pursuant to the 10-year limitations period applicable to written contracts, that part of the claim was timely, the dismissal thereof was reversed and the cause was remanded for further proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-L-9839; the Hon. Raymond W. Mitchell, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; cause remanded. |

Counsel on Appeal

Michael J. Delrahim, Shelley Smith, and Glenn M. Kanter, all of Brown, Udell, Pomerantz & Delrahim, Ltd., of Chicago, for appellant South Campus Development Team, LLC.

Thomas B. Orlando, Douglas J. Palandech, and Michael A. Kuiken, all of Foran Glennon Palandech Ponzi & Rudloff PC, of Chicago, for appellee Fitzgerald Associates Architects P.C.

Jeffrey H. Winick and Jeffrey B. Charkow, both of Harris|Winick LLP, of Chicago, for appellee Linn-Mathes, Inc.

Panel

PRESIDING JUSTICE HOWSE delivered the judgment of the court, with opinion.
Justices McBride and Palmer concurred in the judgment and opinion.

## OPINION

¶ 1    In this case, third-party plaintiff-appellant South Campus Development Team (SCDT) appeals the trial court's order that dismissed with prejudice its third-party claims against third-party defendants Fitzgerald Associates Architects P.C. (Fitzgerald) and Linn-Mathes, Inc. (Linn-Mathes), on the grounds that the claims are time-barred. The third-party complaint contains claims of breach of contract, breach of the implied warranty of good workmanship, implied indemnity and express indemnity. The implied warranty of good workmanship and the express indemnity claims are only applicable to Linn-Mathes. In order to make a ruling in this appeal, we must determine three issues: (1) whether a cause of action accrual provision is enforceable to bar a third-party complaint against one of the contracting parties; (2) whether the trial court improperly resolved a disputed issue of fact when it ruled on a motion to dismiss; and (3) whether the 4-year limitations period applicable to construction-related activities (735 ILCS 5/13-214(a) (West 2008)) or the 10-year statute of limitations period applicable to written contracts (735 ILCS 5/13-206 (West 2008)) applies to a general contractor's written promise to indemnify an owner against claims of defects in construction.

¶ 2    For the reasons that follow, we affirm that part of the trial court's order enforcing the accrual agreements and dismissing the breach of contract and implied indemnity claims as time-barred. We reverse the trial court's judgment dismissing the express indemnity claim against Linn-Mathes and remand this case for further proceedings on that claim because we find the 10-year limitations period for written contracts is applicable.

¶ 3    I. BACKGROUND

¶ 4    A. The Underlying Cause of Action

¶ 5    SCDT was the developer of two adjacent condominium towers located at 811 and 833 West 15th Place in Chicago, Illinois (the project). SCDT contracted with Fitzgerald for

architectural services and with Linn-Mathes to be the general contractor for the project. Both contracts contain a cause of action accrual provision which states that all causes of action against Fitzgerald and Linn-Mathes are to accrue when substantial completion of the project is achieved. The terms of both contracts state how the date of substantial completion is determined.

¶ 6        The SCDT/Fitzgerald contract provides that Fitzgerald as the architect is to have the sole and exclusive responsibility to determine the date of substantial completion. Section 2.6.12 of the SCDT/Fitzgerald contract states:

"The Architect shall make site visits to determine the date or dates of Substantial Completion and the date of final completion, and may issue a final Certificate for Payment upon compliance with the requirements of the Contract Documents."

¶ 7        Similarly, section 4.2.9 of the SCDT/Linn-Mathes contract contains the following provisions relating to dates of substantial completion:

"The Architect will conduct inspections to determine the date or dates of Substantial completion and the date of final completion, will receive and forward to the Owner, for the Owner's review and records, written warranties and related documents require [*sic*] by the Contract and assembled by the Contractor, and will issue a final Certificate for Payment upon compliance with the requirements of the Contract Documents."

Further, section 9.8.4 of the SCDT/Linn-Mathes contract states: "When the Work or designated portion thereof is substantially complete, the Architect will prepare a Certificate of Substantial completion which shall establish the date of Substantial completion[ ] ***." The SCDT/Linn-Mathes contract defines substantial completion in section 9.8.1 as follows:

"Substantial Completion is the stage in the progress of the Work when the Work or designated portion thereof is sufficiently complete in accordance with the Contract Documents so that the Owner can occupy or Utilize the Work for its intended use."

In April 2005, after a number of condominium units were sold, SCDT turned over control of the condominiums to its owners and the 15th Place Condominium Association (the Association). Following the turnover, the board of directors of the Association discovered numerous design and workmanship defects related to the balconies, masonry, and garage. The Association hired an engineering company that confirmed the presence of design and workmanship defects, and the Association filed a lawsuit against SCDT on September 4, 2008. The complaint included claims of breach of the implied warranty of fitness and habitability, breach of fiduciary duty, and negligence. The complaint alleged that SCDT knew or should have known that the defects existed; SCDT failed to have any of the defects fixed; and SCDT failed to disclose the defects to buyers.

¶ 8                                B. Third-Party Action

¶ 9        On March 9, 2009, SCDT entered into a written tolling agreement with Fitzgerald and Linn-Mathes that tolled "any and all claims or causes of action" between the parties that "had not expired as of the date of this [tolling] Agreement."

¶ 10       On June 21, 2011, SCDT filed a third-party complaint against Fitzgerald and Linn-Mathes. The third-party complaint alleged claims for breach of contract and, alternatively, implied indemnity against Fitzgerald, and claims for breach of contract, breach of implied warranty of

good workmanship, express indemnity and, alternatively, implied indemnity against Linn-Mathes.

¶ 11                                C. Motions to Dismiss

¶ 12        On July 27, 2011, Fitzgerald filed a motion to dismiss the third-party complaint pursuant to section 2-619.1 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619.1 (West 2008)). In its motion, Fitzgerald argued that SCDT's third-party complaint was time-barred or, in the alternative, SCDT's implied indemnity claim had to be dismissed for failing to state a cause of action pursuant to section 2-615 of the Code. 735 ILCS 5/2-615 (West 2008). Fitzgerald argued in the motion that all causes of action SCDT had against it accrued on the date of substantial completion, which occurred on May 16, 2003 for the first tower and on October 11, 2004 for the second tower. Applying those accrual dates to the four-year statute of limitations applicable to construction-related activity (735 ILCS 5/13-214(a) (West 2008)), Fitzgerald argued that SCDT's claims against it were time-barred because Fitzgerald and SCDT did not enter into the tolling agreement until March 9, 2009, which was more than four years following the latest possible date on which substantial completion could have occurred, October 11, 2004. Fitzgerald attached to its motion to dismiss an affidavit of Michael DeRouin, president of Fitzgerald and project manager of Fitzgerald at the time of the development project, stating that substantial completion had occurred on May 16, 2003 and October 11, 2004. The affidavit incorporated a letter and a certificate of substantial completion, which indicated the same dates of substantial completion, May 16, 2003 and October 11, 2004, respectively.

¶ 13        On December 5, 2011, Linn-Mathes also filed a motion to dismiss pursuant to section 2-619(a)(5) of the Code (735 ILCS 5/2-619(a)(5) (West 2008)), or in the alternative, to dismiss pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2008)). Linn-Mathes also argued that under the provisions of the cause of action accrual agreement any claims SCDT had against it accrued on the date of substantial completion which occurred in May 2003 and October 2004. As such, Linn-Mathes argued: (1) the claims against it were barred by the four-year statute of limitations applicable to construction matters (735 ILCS 5/13-214(a) (West 2008)) and, as a result, all claims were time-barred when it entered into the cause of action tolling agreement in 2009; (2) SCDT failed to verify the third-party complaint; and (3) the claims alleged against Linn-Mathes failed to state a cause of action. Linn-Mathes also attached to its motion the affidavit of Michael DeRouin, which was identical to the affidavit attached to Fitzgerald's motion to dismiss.

¶ 14        On December 27, 2011, SCDT filed its response. SCDT disputed the date of substantial completion and argued that the date of substantial completion occurred in 2006. SCDT attached the affidavit of Vincent Forgione to its response. In the affidavit, Forgione testifies that he "has not been able to locate certificates of substantial completion for Phase I and Phase II of the Project," but that based on his "experience" and "SCDT's schedule of contractor draw payments," "[b]ecause substantial completion typically occurs after the general contractor has completed the majority of the work, based on the contractor draw schedule, substantial completion most likely occurred in early 2006." SCDT also argued that it was unreasonable to interpret the contract to apply the contract accrual agreement to the implied indemnity claims because the limitation period applicable to the implied indemnity claims could expire before SCDT even knew it had a claim for implied indemnity. SCDT also argued that the express

indemnity claim against Linn-Mathes was subject to the 10-year statute of limitations applicable to written contracts.

¶ 15 Fitzgerald filed a motion to strike the affidavit of Vincent Forgione, and Linn-Mathes joined in Fitzgerald's motion. The motion argued that Forgione was not qualified to give the opinions in the affidavit, that his use of the term "substantial completion" was improper because his definition differed from the definition of "substantial completion" specifically contained within the contracts, and that his opinions within the affidavit were irrelevant and immaterial to the matters at issue.

¶ 16                    D. Trial Court's Ruling

¶ 17 On March 8, 2012, the trial court initially denied Linn-Mathes' motion to dismiss, finding that the private contract limitations period that the parties had agreed upon in their respective contracts did not apply in this case because this was a third-party action. The court made a similar ruling with respect to Fitzgerald's motion to dismiss and denied Fitzgerald's motion to strike the affidavit of Vincent Forgione.

¶ 18 On April 12, 2012, Fitzgerald filed a motion seeking interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010) regarding the trial court's denial of the motions to dismiss. On April 24, 2012, at the hearing for Fitzgerald's motion seeking interlocutory appeal, the trial court *sua sponte* decided to consider Fitzgerald's motion as a motion to reconsider and provided SCDT an opportunity to file a supplemental brief.

¶ 19 On June 20, 2012, the trial court entered a written order reconsidering its March 8, 2012 order and made a finding that the private statute of limitations accrual period in the parties' contracts applied to the third-party action. Therefore, because the court applied the four-year statute of limitations applicable to construction-related matters to the third-party claims, and determined that the date of substantial completion occurred on October 11, 2004 at the latest, thus triggering the running of the statute of limitations, SCDT's third-party claims against Linn-Mathes and Fitzgerald had to be dismissed with prejudice because they were time-barred. Specifically, the court stated:

> "After reconsideration, the Court finds that *Guzman* is inapposite. *Guzman* addresses when the cause of action accrues for a claim of indemnity. The contract at issue in this case expressly addresses accrual. It states that causes of action between the parties accrue upon the substantial completion of the work. The contractual provision at issue contains no limiting language as to what causes of action might be encompassed. This language is sufficiently broad to include a claim for indemnity. In *Guzman*, the court was dealing with section 13-214 and interpreting how the discovery rule applied as to third party indemnity claims. It found that the discovery rule tolled the statute of limitation for indemnity action because the third party claim could not be determined before liability was established [on] the underlying claim. The contractual provision at issue here expressly eliminates the effect of the discovery rule. Instead of accruing at the point of discovery as most causes of action in Illinois do, the parties in this case pegged accrual of causes of action to the point of substantial completion."

¶ 20 On July 9, 2012, the trial court modified its June 20, 2012 order to state that "there was no just reason for delaying the appeal of this order pursuant to Illinois Supreme Court Rule 304(a)," and SCDT timely filed a notice of appeal.

II. ANALYSIS

In this appeal, we consider whether the trial court erred in dismissing SCDT's third-party complaint against Linn-Mathes and Fitzgerald. Accordingly, we must determine: (1) whether the trial court erred when it determined the accrual agreements in the SCDT/Linn-Mathes and SCDT/Fitzgerald contracts are enforceable on third-party claims; (2) whether in ruling on the motion to dismiss the trial court improperly resolved a disputed issue of fact when it determined the dates of substantial completion; and (3) whether the 4-year limitations period applicable to construction-related activity or the 10-year limitations period applicable to written contracts applies to an express indemnity agreement contained within a construction contract.

Our review of a section 2-619 motion to dismiss (735 ILCS 5/2-619 (West 2008)) is *de novo*. *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008).

## A. Contract Accrual Agreements

We will first consider whether the contract accrual provisions apply to third-party claims between the contracting parties. SCDT's contracts with both Linn-Mathes and Fitzgerald contain a cause of action accrual agreement that provides that all causes of action accrue on the date of substantial completion of the project. The accrual agreement appears in both the SCDT/Fitzgerald contract and the SCDT/Linn Mathes contract, with minor differences. SCDT argues that the accrual provisions do not apply to third-party claims and that its third-party claims against Linn-Mathes and Fitzgerald did not accrue until it was served with summons by the plaintiff in the underlying case. See *Guzman v. C.R. Epperson Construction, Inc.*, 196 Ill. 2d 391, 401 (2001). SCDT further argues it was unreasonable for the trial court to enforce the accrual agreement contained in the contracts because enforcing the accrual agreement clauses contained in the contracts at issue could result in a situation where the limitations period applicable to implied indemnity claims would expire before an actual case of implied indemnity had arisen. For the reasons that follow, we disagree with this argument and find that the trial court properly enforced the contract accrual agreement provisions at issue here.

The relevant language in the SCDT/Fitzgerald contract states:

"8.3 Causes of actions between the parties to this Agreement pertaining to acts or failures to act shall be deemed to have accrued and the applicable statutes of limitations shall commence to run not later than either the date of Substantial Completion for acts or failures to act occurring prior to Substantial Completion, or the date of issuance of the final Certificate for Payment for acts or failures to act occurring after Substantial Completion."

The relevant language in the SCDT/Linn-Mathes contract states:

"As to acts or failures to act occurring prior to the relevant date of substantial completion, any applicable statute of limitations shall commence to run and any alleged cause of action shall be deemed to have accrued in any and all events not later than such date of Substantial Completion."

"It is well settled that a contractual limitation requiring suit to be brought within a specific period of time is valid if reasonable even though the period provided by general statute of limitations *** is longer." *Florsheim v. Travelers Indemnity Co. of Illinois*, 75 Ill. App. 3d 298,

303 (1979). A limitation period is enforceable even where it may bar a meritorious claim. See *id*. at 304. Further, " 'parties to a contract may agree upon a shortened contractual limitations period to replace a statute of limitations, so long as it is reasonable.' " *Federal Insurance Co. v. Konstant Architecture Planning, Inc*., 388 Ill. App. 3d 122, 126 (2009) (quoting *Medrano v. Production Engineering Co.*, 332 Ill. App. 3d 562, 566 (2002)). Illinois public policy strongly favors the freedom to contract. *Stevens v. Rooks Pitts & Poust*, 289 Ill. App. 3d 991, 998 (1997).

¶ 28    In *Konstant Architecture Planning, Inc.*, the court upheld a contract clause regarding an accrual time for all statutes of limitations that is nearly identical to the one at issue here. In *Konstant Architecture Planning, Inc.*, the accrual clause agreed upon by the parties stated:

> " 'Causes of action between the parties to this Agreement pertaining to acts or failures to act shall be deemed to have accrued and the applicable statute of limitations shall commence to run not later than either the date of Substantial Completion, or the date of issuance of the final Certificate for Payment for acts or failures to act occurring after Substantial Completion.' " *Konstant Architecture Planning, Inc.*, 388 Ill. App. 3d at 124.

In construing these contract terms, the *Konstant Architecture Planning, Inc.* court noted that the court's "primary objective is to give effect to the intent possessed by the parties at the time they entered the agreement." *Id*. at 128. Accordingly, the *Konstant Architecture Planning, Inc.* court found the above accrual clause to be clear and unambiguous in that the parties contracted to create a date of accrual for all statutes of limitations that effectively eliminated the discovery rule. *Id*.

¶ 29    Here, like in *Konstant Architecture Planning, Inc.*, we find that the terms of accrual agreement contained within both contracts were clear and unambiguous. Where there is no ambiguity in the contract terms, the parties' intent must be drawn from the language of the written instrument itself. *Quake Construction, Inc. v. American Airlines*, *Inc*., 141 Ill. 2d 281, 288 (1990). SCDT, Linn-Mathes and Fitzgerald, who were sophisticated parties entering into contracts involving more than $34 million in construction work, clearly intended to create an accrual date for all statutes of limitations in an effort to limit liability and eliminate the effect of the discovery rule. Had the parties intended to limit this clause in any way, they could have done so. However, as plainly written, the clause applies to any and all claims. Thus, the plain language of the clause in each contract makes it clear that the parties intended to limit potentially unlimited liability and eliminate the discovery rule by creating a fixed accrual limitations date for any and all causes of action, which began to run on the date of substantial completion.

¶ 30    SCDT argues that enforcing the accrual limitations clause in each of the contracts in this case will violate public policy as it had been found to do so in "cases dealing with automobile insurance policies that set the accrual date for uninsured or underinsured motorist claims at the time the accident occurred" and "cases involving employee benefit plans that set the accrual date at the date the claim for benefits was filed." While courts will not enforce an agreement that is contrary to public policy, a contract should not be deemed illegal unless it is expressly contrary to the law or public policy. *American Country Insurance Co. v. Cline*, 309 Ill. App. 3d 501, 506 (1999). The laws and public policy of the State of Illinois permit freedom of contracting between competent parties. *Id*. In addition, construction of a contact that renders the agreement enforceable rather than void is preferred. *Id*. at 507. As a result, the issue as to

whether a contract is contrary to public policy depends on the facts and circumstances of the case. *Id.*

¶ 31    We do not find the public policy concerns recognized in uninsured/underinsured automobile policy claims and employee benefits claims have any bearing in this case where sophisticated parties contracted to and agreed to terms that trigger the running of all statutes of limitations on the date of substantial completion.[1] The cases cited by SCDT all involve contracts between sophisticated and unsophisticated parties. Further, the terms of the contract at issue in each of the cases cited by SCDT were not negotiated and agreed upon by both parties, rather they were offered to the unsophisticated party in a take it or leave it manner. Here, as stated above, the contract terms regarding the accrual date for all claims were bargained for and agreed upon by sophisticated parties engaged in a multi-million dollar construction project. Accordingly, we find no good reason to disturb these contract provisions that were bargained for by sophisticated parties, and affirm the trial court's finding enforcing the contractual accrual date in both the SCDT/Fitzgerald and SCDT/Linn-Mathes contracts.[2]

¶ 32                    B. Date of Substantial Completion

¶ 33    SCDT argues that the trial court erred in determining that substantial completion, the contract trigger date for the running of any statute of limitations, occurred on May 16, 2003 and October 11, 2004. SCDT argues that it submitted a rebuttal affidavit in its response to the motion to dismiss and offered testimony that suggests that substantial completion occurred sometime in early 2006, thereby creating a genuine issue of material fact as to the date of substantial completion, *i.e.*, the contract accrual date. If the cause of action accrued in 2006, SCDT had viable breach of contract claims against Linn-Mathes and Fitzgerald at the time the tolling agreement was signed in March 2009. As such, SCDT argues the trial court improperly decided a material question of fact when it determined the date of substantial completion of the two towers to be May 16, 2003 and October 11, 2004 respectively.

¶ 34    The purpose of a motion to dismiss under section 2-619 of the Code is to dispose of issues of law and easily proved issues of fact at the outset of a case. *Zedella v. Gibson*, 165 Ill. 2d 181, 185 (1995); 735 ILCS 5/2-619(c) (West 2008). When ruling on a section 2-619 motion, the court admits as true all well-pleaded facts and the legal sufficiency of the complaint. *King v. City of Chicago*, 324 Ill. App. 3d 856, 859 (2001). If grounds for dismissal do not appear on the face of the pleading attacked, the motion shall be supported by affidavit, and the nonmoving party has the opportunity to file a counteraffidavit. 735 ILCS 5/2-619(c) (West 2008). The relevant question is whether there exists a genuine issue of material fact precluding dismissal,

---

[1]Of note, none of the cases cited by SCDT state, or even suggest, that it is against public policy for two sophisticated parties to agree to contract terms that eliminate the effect of the discovery rule. In fact, as stated above, our courts have specifically found that this is permitted. See *Konstant Architecture Planning, Inc.*, 388 Ill. App. 3d at 126.

[2]We also find that SCDT's reliance on *Guzman* in this argument misplaced, as the facts of *Guzman* dealt with the application of the default statute of limitations, which incorporated the discovery rule, and not a modified statute of limitations that sets a trigger date for all claims, like the one we are presented with here.

or absent an issue of material fact, whether dismissal is proper as a matter of law. *Fuller Family Holdings, LLC v. Northern Trust Co.*, 371 Ill. App. 3d 605, 613 (2007).

¶ 35    Here, Fitzgerald and Linn-Mathes attached to their motions to dismiss the affidavit of Michael DeRouin, the president of Fitzgerald and the project manager of Fitzgerald during the development project. In his affidavit, DeRouin testifies that he was "directly responsible for the architectural services provided" during the development project. Further, he testifies in his affidavit that the first tower was substantially completed on May 16, 2003 and the second tower was substantially completed on October 11, 2004. In support of these two dates, DeRouin attaches a letter that was written to SCDT on May 16, 2003 indicating that substantial completion had occurred with respect to the first tower, and a certificate of substantial completion that is signed by him and dated October 11, 2004 with respect to the second tower.

¶ 36    In SCDT's response to the motions to dismiss, it attached a counteraffidavit of Vincent Forgione. Forgione is an employee of Frontier Management Corporation, which is an affiliate of SCDT. Forgione states in his affidavit that he "has not been able to locate certificates of substantial completion for Phase I and Phase II of the Project," but that based on his "experience" and "SCDT's schedule of contractor draw payments," "[b]ecause substantial completion typically occurs after the general contractor has completed the majority of the work, based on the contractor draw schedule, substantial completion most likely occurred in early 2006." Thus, Forgione uses the date of the final contractor draw payment, December 2006, to predict when "the majority of the work" was completed to then estimate that substantial completion occurred in early 2006.

¶ 37    Here, all parties entered into contracts stating that the date of substantial completion would be determined by the architect (Fitzgerald) and would be reflected in a certificate of substantial completion. DeRouin's affidavit states that Fitzgerald determined that the first tower was substantially completed on May 16, 2003, and the second tower was substantially completed on October 11, 2004. In support of these two dates, DeRouin also attached a letter that was written to SCDT on May 16, 2003 indicating that substantial completion had occurred with respect to the first tower, and a certificate of substantial completion that is signed by him and dated October 11, 2004 with respect to the second tower. As a result, Forgione's affidavit, which estimates when substantial completion occurred based upon draw payments and when the final draw payment was made, does not contradict the testimony of DeRouin who testifies that substantial completion, pursuant to the contracts signed by the parties, was achieved on May 16, 2003 and October 11, 2004. *Safeco Insurance Co. v. Jelen*, 381 Ill. App. 3d 576, 583 (2008) (where facts asserted in an affidavit are not refuted by counteraffidavit, the court will take those facts as true notwithstanding any contrary unsupported allegations in the plaintiff's pleadings). Further, any evidence regarding when substantial completion may have occurred that does not comport with the terms that were contracted to by the parties is not material and cannot create a material issue of fact. Therefore, because we find that the Forgione affidavit did not contradict the evidence stated in the DeRouin affidavit and did not raise a genuine issue of material fact, it follows that there is no genuine issue of material fact and the trial court properly concluded the dates of substantial completion occurred on May 16, 2003 and October 11, 2004. See *Bloomingdale State Bank v. Woodland Sales Co.*, 186 Ill. App. 3d 227, 232 (1989) (where there are no genuine issues of material fact, the court may grant a section 2-619 motion to dismiss).

¶ 38                                    C. Statute of Limitations on SCDT's Claims

¶ 39       Since we have concluded that the trial court properly enforced the cause of action accrual agreement and also properly determined the date of substantial completion of the project to be May 16, 2003 and October 11, 2004, we can now determine whether the statute of limitations expired on SCDT's claims against Linn-Mathes and Fitzgerald.

¶ 40                              a. Implied Indemnity Claims and Breach of Contract Claims

¶ 41       With respect to the implied indemnity claims, the applicable statute of limitations states that a party has two years from being served with process in the underlying action or two years from the date the party knew or reasonably should have known of an act or omission giving rise to the action for indemnity, whichever period expires later. 735 ILCS 5/13-204(b) (West 2008). However, in this case, because of the existence of the cause of action accrual agreement, the two-year period began to run on the date of substantial completion. Because substantial completion occurred at the latest on October 11, 2004, the limitation period on SCDT's claims for implied indemnity against the third-party defendants expired on October 11, 2006, well in advance of the March 9, 2009 tolling agreement, and are therefore time-barred. With respect to the breach of contract claims, which the parties agreed were governed by the four-year statute of limitations period applicable to construction-related activity, those claims are also time-barred as the statute of limitation on those claims expired on October 11, 2008, which again was prior to the March 9, 2009 tolling agreement. Accordingly, we affirm the judgment of the trial court dismissing the breach of contract and implied indemnity claims against the third-party defendants as being time-barred.

¶ 42                                          b. Express Indemnity Claim

¶ 43       SCDT argues that its express indemnity claim against Linn-Mathes was improperly dismissed by the trial court because it was governed by the 10-year statute limitations applicable to written contracts rather than the 4-year statute limitations applicable to construction matters. Section 13-206 of the Code states:

> "Except as provided in Section 2-725 of the 'Uniform Commercial Code', actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing and actions brought under the Illinois Wage Payment and Collection Act shall be commenced within 10 years next after the cause of action accrued ***." 735 ILCS 5/13-206 (West 2008).

¶ 44       Linn-Mathes argues that the trial court properly determined that its express promise to indemnify SCDT for breaches related to the construction work is governed by the four-year statute of limitations applicable to construction-related activity, and that the trial court properly dismissed SCDT's claim as time-barred under that statute. 735 ILCS 5/13-214(a) (West 2008). Section 13-214(a) of the Code states:

> "Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission. Notwithstanding any other provision of law, contract actions against a surety on a

- 10 -

payment or performance bond shall be commenced, if at all, within the same time limitation applicable to the bond principal." 735 ILCS 5/13-214(a) (West 2008).

¶ 45    We agree with SCDT that the 10-year statute of limitations applies to its express indemnity claim. Our decision is based upon our supreme court's ruling in *Travelers Casualty & Surety Co. v. Bowman*, 229 Ill. 2d 461 (2008), which found that a written agreement to indemnify was not one of the activities protected under the 4-year statute of limitations applicable to construction matters and was instead subject to the 10-year statute of limitations applicable to written contracts. See 735 ILCS 5/13-206 (West 2008).

¶ 46    In *Travelers*, Travelers Casualty & Surety Company (Travelers) filed suit against James A. Bowman and Barbara B. Bowman, the president and sole shareholder, respectively, of a metal working firm, Carlson, for breach of a written indemnity agreement relating to performance bonds. *Travelers*, 229 Ill. 2d at 464. The Bowmans became liable to Travelers under the indemnity agreement when Carlson failed to perform certain construction work. *Id*. Our supreme court found that the 4-year statute of limitations did not apply to Travelers' claim and that the 10-year statute of limitations applied instead. *Id*. at 465. In coming to this conclusion, the court stated that " '[t]he determination of the applicable statute of limitations is governed by the type of injury at issue, irrespective of the pleader's designation of the nature of the action.' " *Travelers*, 229 Ill. 2d at 466 (quoting *Armstrong v. Guigler*, 174 Ill. 2d 281, 286 (1996)). The court further stated that the "essence of any contractual action is found in the agreement's promissory language" and "[a]s long as the gravamen of the complaint rests on the nonperformance of a contractual obligation, section 13-206 applies." (Internal quotation marks omitted.) *Id*. at 467 (quoting *Armstrong*, 174 Ill. 2d at 291). In finding that the type of injury at issue in *Travelers* was contract related rather than construction related, the court stated:

> "Here, the liability at issue emanates not from construction-related activity but, rather, from the breach of a contractual obligation to indemnify. ***
>
> *** The Bowmans' liability to Travelers does not, however, emanate from Carlson's breach of the construction contracts. Rather, the Bowmans' liability emanates from the refusal to perform their obligation of indemnification under the written indemnification agreement after claims were made against the underlying performance bonds." *Travelers*, 229 Ill. 2d at 469-70.

Further, in *Armstrong*, which was relied upon in *Travelers*, the court stated:

> "The essence of any contractual action is found in the agreement's promissory language. Thus, it is only where liability emanates from a breach of a contractual obligation that the action may be fairly characterized as 'an action on a written contract.' The focus of the inquiry is on the nature of the liability and not on the nature of the relief sought." *Armstrong*, 174 Ill. 2d at 291.

In sum, the *Travelers* court concluded that "[b]ecause the claim at issue is based on a breach of express indemnification provisions in a written agreement, it is subject to the 10-year limitations period in section 13-206." *Travelers*, 229 Ill. 2d at 476.

¶ 47    Here, like in *Travelers*, the express indemnity claim against Linn-Mathes arose from Linn-Mathes' refusal to perform its obligation to indemnify SCDT pursuant to an express promise to indemnify SCDT contained in the contract between the parties. Because the nature of the claim was Linn-Mathes' refusal to indemnify, any potential liability arises out of

Linn-Mathes' failure to indemnify SCDT rather than any acts or omissions relating to construction-related activity.

¶ 48 Further, our supreme court has held that the four-year statute of limitations relating to construction matters protects only certain enumerated activities, specifically, "the design, planning, supervision, observation or management of construction." (Internal quotation marks omitted.) *People ex rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc.*, 114 Ill. 2d 252, 261 (1986); see 735 ILCS 5/13-214(a) (West 2008); see also *Konstant Architecture Planning, Inc.*, 388 Ill. App. 3d at 125-26 (the four-year statute of limitations applicable in construction-related activities, "applies only if the defendant is being sued for its act or omission of one of the enumerated construction-related activities"). Indemnification is not one of those enumerated activities protected under the four-year statute of limitations. As such, section 13-214(a) does not protect Linn-Mathes' actions or inactions as an indemnitor. Therefore, the 10-year statute of limitations applicable to written contracts applies to SCDT's express indemnity claim against Linn-Mathes.

¶ 49 Linn-Mathes argues that the four-year statute of limitations governing construction activity should apply here because the express indemnity clause at issue is contained within the construction contract and is not its own separate contract. However, we see no requirement that express indemnity clauses must be contained in a separate written document in order to apply the 10-year statute of limitations for written contracts. To the contrary, as made clear in *Travelers*, "it is the nature of the plaintiff's injury rather than the nature of the facts from which the claim arises which should determine which limitations period should apply." (Internal quotation marks omitted.) *Travelers*, 229 Ill. 2d at 466 (quoting *Armstrong*, 174 Ill. 2d at 286-87). The nature of SCDT's claim against Linn-Mathes is indemnification, regardless of the fact that the indemnification clause is contained within the overall construction contract.

¶ 50 Further, while Linn-Mathes also argues that the holding in *Guzman* requires the four-year construction statute of limitations to be applied to the express indemnity claim at issue here, we cannot see how the holding in *Guzman* is applicable. *Guzman* only dealt with implied indemnity claims and not an express indemnity claim like the one at issue in this case. See *Guzman*, 196 Ill. 2d 391. As pointed out in *Travelers*, the *Guzman* court "was not presented with the issue of whether section 13-204 applied to an express indemnity agreement and it did not, therefore, examine that issue." *Travelers*, 229 Ill. 2d at 476. Further, the *Guzman* court ultimately found that section 13-204 applied to the implied indemnity claims in that case, and our courts have held that "[s]ections 13-204(a) and 13-204(b) are not applicable when the basis for indemnity rests on a written indemnity agreement." *Travelers*, 229 Ill. 2d at 473. Thus, because this appeal deals with an express indemnity claim, which was not addressed in *Guzman* and which is an entirely different animal than the implied indemnity claims that were addressed in *Guzman*, *Guzman* is inapplicable here.

¶ 51 Accordingly, we find that SCDT's express indemnity claim against Linn-Mathes must be governed by the 10-year statute of limitations applicable to written contracts because the nature of that claim is for the failure to indemnify rather than any act or omission relating to construction activity. We therefore reverse the trial court's finding that the four-year statute of limitations applies to SCDT's express indemnity claim against Linn-Mathes and the dismissal of that claim. Since less than 10 years elapsed between the dates of substantial completion (May 2003 and October 2004) and the time the statute of limitations tolling agreement was signed in 2009 and the third-party complaint was filed in 2011, we reverse the dismissal of the

express indemnity claim as time-barred and remand this case to the trial court for further proceedings on SCDT's express indemnity claim against Linn-Mathes.

¶ 52                                    III. CONCLUSION

¶ 53        For the above reasons, we affirm the trial court's enforcement of the contractual accrual agreement and the dismissal of the implied indemnity and breach of contract claims against the third-party defendants because they are time-barred; we reverse the trial court's dismissal of the express indemnity claim against Linn-Mathes and this case is remanded for further proceedings on that claim only.

¶ 54        Affirmed in part and reversed in part; cause remanded.